11-2807-ag
Chen v. Holder

BIA
A078 015 839

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

JIAN RONG CHEN, AKA FANGLI SHANG,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

11-2807-ag

NAC

FOR PETITIONER: Jian Rong Chen, Pro se.

FOR RESPONDENT: Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Edward J. Duffy, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jian Rong Chen, a native and citizen of the People's Republic of China, seeks review of a June 29, 2011, order of the BIA denying her motion to reopen. *In re Jian Rong Chen*, No. A078 015 839 (B.I.A. June 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Chen's 2010 motion to reopen was untimely because her administrative order of removal became final in 2004. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). To the extent Chen contends that the time limitation does not apply to her motion to reopen because her motion is "based on changed circumstances arising in" China, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), her arguments are unpersuasive.

2

Chen asserts that she joined the Chinese Coalition for Citizens Rights ("CCCR") after being ordered removed from the United States, and Chinese officials have contacted her mother about her activities in the United States. However, as the BIA found, her membership in the CCCR was a change in personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008). Moreover, the record supports the BIA's determination that Chen has not established changed conditions arising in China because she failed to provide any objective evidence showing that China's policies had changed since the time of her hearing. *See Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007); *see also Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006). To the extent Chen challenges the BIA's finding that the black and white copy of the unsworn, unauthenticated statement from her mother included with her motion to reopen was not persuasive, we will defer to the BIA's conclusion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007). Therefore, given the lack of evidence of any change in China, substantial evidence supports the BIA's conclusion that Chen

failed to demonstrate an exception to the time limitation, and we find no abuse of discretion in its denial of Chen's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i),(ii); *Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4